THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNADETTE SCHWARTZ, an individual,<br><br>      Plaintiff,<br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance company,<br><br>      Defendant. | CASE NO. C16-1883-JCC<br><br>ORDER GRANTING SUMMARY JUDGMENT |

This matter comes before the Court on the motion for summary judgment by Defendant State Farm Mutual Automobile Insurance Company (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  BACKGROUND

On December 21, 2013, Plaintiff Bernadette Schwartz was in a car accident. (Dkt. No. 11 at 17.) Schwartz was a passenger in a car driven by David Parker. (*Id.*) The collision was caused by another driver, Bernardino Lopez Rodriguez. (*Id.*) Rodriguez had no motorist insurance. (*Id.* at 18.) Schwartz was covered by Parker's insurance policy from Defendant State Farm Mutual Automobile Insurance Company. (*Id.*; Dkt. No. 1-2 at 4; Dkt. No. 12 at 6-22.)

Parker's personal injury protection (PIP) policy had a limit of $10,000.00 per person. (Dkt. No. 1-2 at 4; Dkt. No. 12 at 49.) From January-August 2014, State Farm paid Schwartz's medical providers directly under the PIP policy. (Dkt. No. 12 at 50.) At times, the payments from State Farm did not fully cover a provider's bill. (*See id.*) On April 14, 2014, Schwartz sent State Farm an IFCA[1] letter regarding the PIP coverage. (*Id.* at 35.) The letter stated:

> It has come to our attention that State Farm has partially denied most of Ms. Schwartz's treatments with Starr Chiropractic, P.S. In reviewing the PIP file, State Farm referenced the basis for partial payment of most of Ms. Schwartz's bills as being "re-priced in accordance with a Three Rivers Network owned contract." Please prove that such a contract exists. State Farm's PIP coverage is not exhausted. Ms. Schwartz expects that PIP coverage will cover these charges.

(*Id.*) By August 2014, the payments from State Farm to providers had reached the PIP policy limit of $10,000.00. (*See id.* at 50.)

Parker's uninsured motorist (UM) policy had a limit of $100,000.00 per person. (Dkt. No. 12 at 7.) On May 18, 2015, Schwartz sent a letter to State Farm stating that she was entitled to recover $33,776.45 under the UM policy. (*Id.* at 52, 55.) On July 16, 2015, State Farm determined that Schwartz was entitled to recover $9,000.00 under the UM policy. (Dkt. No. 11 at 18.) As of September 2015, State Farm had not made any payment to Schwartz. (*Id.*)

On October 2, 2015, Schwartz brought suit against State Farm in King County District Court. (*Id.* at 5.) Schwartz asserted that she was entitled to full coverage under Parker's UM policy and that State Farm breached the insurance contract by "not making any payment of uninsured motorist benefits to" Schwartz. (*Id.* at 7.)

King County District Court Judge Peter Nault ruled in Schwartz's favor. (*Id.* at 10-12.) Judge Nault determined that Schwartz was entitled to recover $65,872.30 in damages, with certain offsets. (*Id.* at 12, 19.) On April 14, 2016, Judge Nault entered judgment against State Farm in the net amount of $51,029.44 with 12% annual interest. (Dkt. No. 16-1 at 6-7.)

On April 15, State Farm issued a check in the amount of $46,872.03 to "Law Office [of]

---

[1] Insurance Fair Conduct Act, Wash. Rev. Code § 48.30.015.

Sam Elder & Bernardino Lopez-Rodriguez." (*Id.* at 9.) State Farm also issued a check in the amount of $4,157.41 to "Law Office of Sam Elder." (Dkt. No. 1-2 at 6.) These two checks added up to $51,029.44.

On April 25, Schwartz's counsel informed State Farm that it had failed to pay interest of $16.78 per day. (Dkt. No. 16-1 at 11.) On May 3, State Farm sent a proposed satisfaction of judgment based on its payments made. (*Id.* at 13-18.) Schwartz's counsel responded that he could not sign the full satisfaction of judgment until the interest was paid. (*Id.* at 23.)

On May 5, Schwartz's counsel informed State Farm that one check was incorrectly made out to Rodriguez. (*Id.* at 25.) On May 16, State Farm issued a new check in the amount of $46,872.03, correctly made out to "Sam Elder & Bernadette Louise Schwartz." (*Id.* at 35.)

On May 20, Schwartz's counsel again informed State Farm that he would not sign a full satisfaction of judgment until interest was paid. (*Id.* at 37.) On May 21, State Farm issued a check for $167.00 to cover the interest. (*Id.* at 39.) On June 1, Schwartz received the check and her attorney signed the satisfaction of judgment. (*Id.* at 41.)

On November 8, 2016, Schwartz brought the present suit against State Farm in King County Superior Court. (Dkt. No. 1-2.) State Farm removed the case to this Court. (Dkt. No. 1.)

Schwartz makes two claims: violation of the Washington Insurance Fair Conduct Act (IFCA), Wash. Rev. Code § 48.30.015, and violation of the Washington Consumer Protection Act (CPA), Wash. Rev. Code chapter 19.86. (Dkt. No. 1-2 at 7-11.) Schwartz's present suit, like her previous suit in King County District Court, is based on State Farm's handling of her claims arising under Parker's policy as a result of the Rodriguez accident. (*Id.* at 3-7.) Specifically, Schwartz alleges that State Farm:

> (1) Made only partial PIP payments to providers, which constitutes an unreasonable denial of payment of benefits in violation of Wash. Rev. Code § 48.30.015(1);
>
> (2) Failed to verify the existence of a Three Rivers Network contract, which constitutes a misrepresentation of facts and policy provisions under Washington Administrative Code (WAC) § 284-30-330(1);

ORDER GRANTING SUMMARY JUDGMENT
PAGE - 3

(3) Made PIP payments without clearly advising the payee that it would be seeking reimbursement, in violation of WAC § 284-30-350(7);

(4) Failed to adopt and implement reasonable standards for processing and payment of claims after the obligation to pay has been established, in violation of WAC § 284-30-330(16); and

(5) Failed to acknowledge and act promptly upon communication about the UM policy, in violation of WAC § 284-30-330(2).

(*Id.* at 7-10.) The first three of these claims are based on actions taken by State Farm prior to the judgment entered in King County District Court. The following two are based on State Farm's post-judgment conduct.

State Farm now moves for summary judgment, arguing that Schwartz's claims are barred by the doctrine of res judicata. (Dkt. No. 10 at 1.) In the alternative, State Farm argues that Schwartz's claims should be dismissed on the merits. (*Id.* at 1-2.)

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

//

B.   **Motion to Strike**

Schwartz did not file her response brief until the business day following the motion's noting date—a week late. (*See* Dkt. Nos. 13, 16.) State Farm asks the Court to strike her response as untimely. (Dkt. No. 17 at 1.) Schwartz explains that her counsel was unaware that, after the motion was filed, State Farm renoted the motion such that all deadlines were moved up a week. (Dkt. No. 16 at 4; *see also* Dkt. No. 13.) Given the dispositive nature of summary judgment, the Court prefers to consider the responsive briefing. And, State Farm was given the opportunity to respond to Schwartz's untimely brief, so it suffered no prejudice. The Court DENIES the motion to strike. However, the Court admonishes Schwartz's counsel to pay more diligent attention to deadlines going forward.

C.   **Res Judicata**

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotes omitted). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotes omitted).

Here, there is no question that the King County District Court issued a final judgment on the merits and that both suits involved the same parties. However, Schwartz's claim in the previous suit—breach of contract as to UM coverage—differs somewhat from its claims here—regulatory violations as to PIP coverage and post-judgment conduct. Thus, the Court must consider whether identity of claims exists.

"Identity of claims exists when two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (internal quotes omitted). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims *could have been brought* in an

earlier action." *Id.* (emphasis added).

State Farm argues that identity of claims is present because Schwartz could have brought all her claims in the King County District Court case. (Dkt. No. 10 at 9.) In response, Schwartz does not directly address any element of res judicata. (*See* Dkt. No. 16 at 2-4.) Instead, she explains that she brought this subsequent suit because "she was seeking more than the remaining limits [the King County District Court] allows" and because "some of the bad faith from State Farm post-dated the lawsuit and even the judgment that was entered." (*Id.* at 2.)

Regarding State Farm's post-judgment conduct—namely, its initial failure to issue a check to the correct payee and to pay interest—Schwartz could not have challenged such conduct in the previous suit because it had not yet occurred. Res judicata does not apply to those claims.[2]

By contrast, the facts underlying Schwartz's PIP claims were known to her well before she brought the previous suit. And those claims "arise from the same transactional nucleus of facts, seek to redress the same wrong, and would involve presentation of substantially the same evidence as her previous breach of contract action." *See Smith v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1499265 at *5 (W.D. Wash. Apr. 11, 2013) (Coughenour, J.) (applying res judicata to bar plaintiff's bad faith insurance action following a breach of contract action). These are precisely the types of claims that the doctrine of res judicata is meant to address.

This remains the case despite Schwartz's complaint about the jurisdictional limits of the King County District Court. (*See* Dkt. No. 16 at 4.) Schwartz chose to litigate her first suit there and assumed the risk of those jurisdictional limits. That choice does not overcome the basic principle that "[f]iling two separate lawsuits based on the same event—claim splitting—is precluded." *Ensley v. Pitcher*, 222 P.3d 99, 102 (Wash. Ct. App. 2009).

---

[2] State Farm alleges, without supporting authority, that res judicata bars these claims because Schwartz could have moved for post-judgment relief, such as a motion to compel or to enforce the judgment. (Dkt. No. 17 at 4.) But a motion to compel State Farm's compliance with the judgment is fundamentally different than an IFCA/CPA suit based on State Farm's lack of compliance with its duties as an insurer.

Accordingly, the Court finds that res judicata bars Schwartz's claims based on State Farm's pre-judgment conduct. Those claims are DISMISSED with prejudice.

### D.      Post-Judgment Conduct

This leaves Schwartz's two remaining claims: (1) that State Farm was unreasonable in its satisfaction of the judgment, in violation of WAC § 284-30-330(16); and (2) that State Farm failed to acknowledge and act promptly upon Schwartz's communication about the improper check and failure to pay interest, in violation of WAC § 284-30-330(2). Schwartz maintains that there is "at least an issue of fact that precludes entry of summary judgment." (Dkt. No. 16 at 3.)

State Farm counters that its obligation to comply with the WACs ceased at the commencement of litigation. (Dkt. No. 17 at 3.) State Farm notes that the language of the WACs limits their applicability to the "processing and payment of claims," *see* WAC § 284-30-330(16), not payment of post-suit judgments. (Dkt. No. 17 at 3.) Once Schwartz chose to sue, State Farm reasons, the Federal Rules of Civil Procedure became the applicable standard. (*Id.*)

State Farm's position is consistent with case law from this district. For example, in *Bronsink v. Allied Prop. and Cas. Ins. Co.*, 2010 WL 2342538 at *5 (W.D. Wash. June 8, 2010), Judge Pechman reasoned that, when plaintiffs filed their complaint, the insurers' "duty to investigate in accordance with WAC regulations became subordinate to their litigation responsibilities." *See also Stegall v. Hartford Underwriters Ins. Co.*, 2009 WL 54237 at *3 (W.D. Wash. Jan. 7, 2009) (Pechman, J.) ("When Plaintiffs filed this action, they effectively halted any claims settlement process and subjected themselves to the rules governing litigation."); *Southridge P'ship v. Aspen Specialty Ins. Co.*, 2009 WL 1175627 at *5 (W.D. Wash. May 1, 2009) (Coughenour, J.) (finding that the WACs did not apply to matters that were "part of the ongoing litigation concerning the contested insurance claim").

Accordingly, the Court concludes that the WACs do not apply to State Farm's post-judgment conduct. Schwartz's remaining claims are DISMISSED with prejudice.

## III. CONCLUSION

For the foregoing reasons, State Farm's motion for summary judgment (Dkt. No. 10) is GRANTED. All of Schwartz's claims are DISMISSED with prejudice. The Clerk is DIRECTED to close this case.

DATED this 6th day of March, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE